UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LARRY A. JONES,

    Petitioner,

    v.

WARDEN,

    Respondent.

CAUSE NO.: 3:17-CV-812-JD-MGG

OPINION AND ORDER

Larry A. Jones, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for cocaine possession and for unlawful possession of a firearm as a serious violent felon under cause number 82D02-1105-FA543. Following a jury trial, on November 21, 2013, the Vanderburgh County Superior Court sentenced Jones to forty years of incarceration. The Warden responded that the habeas petition should be dismissed because Jones has not exhausted all of his claims and that Jones currently proceeds on a post-conviction relief petition in State court. At the court's request, both parties have now confirmed that the State court petition remains pending. ECF 14; ECF 17 at 19-20.

A petitioner proceeding under 28 U.S.C. § 2254 must exhaust State court remedies to obtain federal habeas relief. 28 U.S.C. § 2254(b)(1). The court must ensure that Cowan has presented his claims "through one complete round of State-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system,

including levels at which review is discretionary rather than mandatory." *Id.* Jones has not presented his ineffective assistance of trial counsel claims at every level of the State court system. Therefore, he has not exhausted his State court remedies.

Jones argues that *Brown v. Brown*, 847 F.3d 502 (7th Cir. 2017), excuses his failure to exhaust State court remedies because he now proceeds pro se in the post-conviction proceedings in State court. In *Brown*, the Seventh Circuit Court of Appeals held that the *Martinez* doctrine applied to post-conviction relief proceedings under Indiana law. *Id.* at 512-13. In *Martinez v. Ryan*, 566 U.S. 1, 11 (2012), the Supreme Court of the United States held, "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Significantly, *Martinez* and *Brown* apply only when petitioners are procedurally barred from presenting claims in State court. Because Jones retains the opportunity to present his ineffective assistance of trial counsel claims to the State courts, these claims are not procedurally barred. Therefore, *Martinez* and *Brown* do not apply to these claims.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, Jones's one-year limitations period for federal habeas review began to accrue when his conviction became final on October 23, 2014. *See* Ind.

2

App. R. 57(C) (transfer requests must be filed with the Indiana Supreme Court within 30 days of the intermediate appellate court's decision); *Gonzalez v. Thayer*, 565 U.S. 134, 150 (2012) (when a state prisoner does not complete all levels of direct review, his conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking such review expires). Additionally, filing a motion for post-conviction relief in the State courts tolls the one-year limitations period. *Id.* § 2244(d)(2). Jones filed his post-conviction petition in State court on December 30, 2014, and it remains pending. Therefore, dismissing this petition will not effectively end his chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claim in State court. In sum, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As previously explained, the claim presented by Jones is unexhausted. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE the petition pursuant to Section 2254 Habeas Corpus Rule 4 because the claim is unexhausted;

(2) DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on July 24, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT